# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. CR412-203 |
| | ) |
| DANIEL N. METTS | ) |

## REPORT AND RECOMMENDATION

On December 5, 2012, the Court ordered a forensic psychological examination of defendant Daniel N. Metts to assess his mental competency for trial, in accordance with 18 U.S.C. § 4241. (Doc. 28.) Metts underwent a comprehensive psychological evaluation at the Federal Correctional Institution in Butner, North Carolina. (Doc. 33 (sealed document).) His evaluator, Tanya L. Cunic, Psy.D., diagnosed him as suffering from dementia and depressive disorder.[1] She noted that while he tends to ramble and has difficulty staying on task, he is cooperative and generally capable of effective communication with a little redirection and

---

[1] Metts, through his counsel, does not dispute the findings made by Dr. Cunic in her Forensic Report, though he does challenge her ultimate conclusions as to his competency to stand trial and criminal responsibility at the time of the offense. (Doc. 35.)

management. (*Id.* at 2-4.) When faced with a memory lapse about his past, Metts appeared to confabulate a response. (*Id.* at 4.) However, he demonstrated a good understanding of his present legal situation and was able to provide a chronological history of his current charges. (*Id.*) Dr. Cunic concluded that Metts' neuropsychological deficits are likely related to chronic alcohol abuse in his past. (*Id.* at 6.) While she reached a "provisional diagnosis" of dementia, she noted that Metts "only demonstrated some impairment in memory" and did not meet other criteria for that disorder. *Id.* at 7. She noted that he has a good understanding of the charges he faces, the possible penalties, and the pleas available to him, understands the nature of the legal process and the roles of the various participants, and has the ability to cooperate with counsel and plan a rational defense strategy. *Id.* at 8-9. Despite his dementia, Dr. Cunic opined that Metts' "mental functioning does not prohibit him from being able to effectively proceed with his case," and therefore she found him competent to stand trial. *Id.* at 10.

Although Metts waived his right to a competency hearing, the Court proceeded with the hearing and arranged to have Dr. Cunic available to

testify by video conference. At that hearing Metts' counsel focused on a passage in the Forensic Report where Dr. Cunic considered a diagnosis of Korsakoff's syndrome, found that she could not offer that diagnosis "at this time," but noted that any future evaluators should take this progressive memory-loss disorder into account. *Id.* at 7. Dr. Cunic testified that it would be difficult to "tease out" this diagnosis at the present time given the current stressors arising from the criminal proceedings and Mr. Metts' depression. She further testified that a diagnosis of Korsakoff's syndrome does not require a finding of mental incompetency and that she stands by her opinion that Metts is presently competent to stand trial.

The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). After an extensive evaluation, Dr. Cunic has determined that Metts presently meets this legal standard whether or not his dementia can

be attributed to Korsakoff's syndrome. There is no evidence in the record that contradicts this finding. As he is presently capable of understanding the charges against him and meaningfully consulting with his attorney about his defense, it is **RECOMMENDED** that the Court find that Metts is competent to stand trial.

**SO REPORTED AND RECOMMENDED** this 11TH day of July, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA